## HENRY GRAUMANN v. HOWARD R. WARD.

Decided November 4, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the rule, *Joseph A. Corio.*

*Contra, Burton A. Gaskill.*

PER CURIAM.

The plaintiff brought suit to recover compensation for injuries received by him in the collision of a truck in which he was riding, but which had been parked on the side of the highway, with the automobile of the defendant. The jury found a verdict in his favor, awarding him $5,500.

We are asked to set this verdict aside for several reasons, the first of which is that it was excessive. Our examination of the testimony leads us to the conclusion that although it

is large, it is not so clearly excessive as to justify our interference with it.

The next contention is that the rule should be made absolute because of the refusal of the trial court to allow the hospital records of the plaintiff's injuries to be admitted in evidence. Our examination of the case, however, fails to disclose the existence of any such refusal. The hospital record was not offered in evidence and consequently there was no ruling on its admissibility.

It is further argued that there should be a new trial ordered because the court erred in allowing in evidence mortality tables generally used by life insurance companies. This contention is in the face of our decision in *Camden and Atlantic Railroad Co.* v. *Williams,* 61 *N. J. L.* 646, 649.

Lastly, it is contended that the trial court erred in refusing to charge a request of the defendant relating to the plaintiff's profits from his farm. Our examination of the charge, however, satisfies us that this request was charged in effect so far as it was relevant.

Our conclusion is that the rule to show cause should be discharged.